IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 5:17-CR-279 (FJS) |
| v. | |
| MARY JEAN PUGH | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant to a guidelines sentence.

## INTRODUCTION

On April 3, 2018, Defendant entered a guilty plea to Count 1 in the above captioned Indictment, which charged possession of a listed chemical knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c).

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.  Statutory Sentencing Provisions

The defendant's conviction on Count 1 subjects the defendant to a maximum of 20 years imprisonment, a term of supervised release of at least 3 years and a fine of up to $1,000,000 (*see* 21 U.S.C. §841(b)(1)(C) and (c)).

2.  Guidelines Provisions

The Plea Agreement contains the following sentencing stipulations:

1

**Count 1 (Possession and Distribution of Pseudoephedrine Knowing it Would be Used to Manufacture Methamphetamine)**

As to Count 1, the parties agree that the defendant is personally accountable for more than 40 but less than 70 grams of pseudoephedrine, in that the defendant was personally involved with that quantity. The corresponding offense level from the drug quantity table at U.S.S.G. § 2D1.1(c) would be 26.

The government will recommend a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offense(s) to which the defendant is pleading guilty and all relevant conduct, as defined in U.S.S.G. § 1B1.3; and (ii) the government does not determine that the defendant, after signing this agreement, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G. §3C1.1.

The government will move for a 1-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(b) if the government is convinced that the defendant has accepted responsibility within the meaning of U.S.S.G. §3E1.1(a) and further assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, and the defendant otherwise qualifies for such adjustment by having a combined offense level of 16 or more before receipt of any acceptance of responsibility adjustment under U.S.S.G. §3E1.1(a).

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a guidelines range sentence of 57-71 months, which sentence would be sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2). The government notes that Probation has identified a number of factors which might warrant a non-guidelines sentence in this case (see PSR at at ¶ 72). The government has no objections to the guidelines calculations or the factual basis contained in the PSR, dated May 8, 2018, and as revised on May 31, 2018.

Respectfully submitted this 25th day of June, 2018.

                                        GRANT C. JAQUITH
                                      United States Attorney

                                      */s/ Carl G. Eurenius*
By:   Carl G. Eurenius
       Assistant United States Attorney
       Bar Roll No. 511746

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA                Case No. 5:17-CR-279 (FJS)

v.

MART JEAN PUGH,

        Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 25, 2018, I filed the **Government's Sentencing Memorandum** with the Clerk of the District Court and sent copies of said documents via ECF to the counsel of record for the defendant.

                                                           _/s/ Jennifer Buggs_
                                                           Jennifer Buggs
                                                           Legal Assistant